IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRANDYWINE NURSING AND REHABILITATION CENTER, INC., a Delaware corporation, | § § § § | No. 59, 2023 |
| Defendant Below, Appellant, | § § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § § | C.A. No. N21C-03-233 |
| TERRI HANSEN, Personal Representative of the Estate of CHARLES SECREST and BEVERLY SHINNIN, Personal Representative of the Estate of SOPHIA STAR SAKEWICZ, | § § § § § § § § § § | |
| Plaintiffs Below, Appellees. | § § § | |

Submitted: February 24, 2023
Decided: March 16, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, and the exhibits, it appears to the Court that:

(1) On March 23, 2021, plaintiffs below-appellees Terri Hansen, personal representative of the estate of Charles Secrest, and Beverly Shinnin, personal representative of the estate of Sophie Star Sakewicz, ("Personal Representatives") filed a medical negligence action against defendant below-appellant Brandywine

Nursing and Rehabilitation Center, Inc. ("BNR") in the Superior Court. Secrest and Sakewicz were elderly residents of BNR when they died from complications of COVID-19 in 2020. The Personal Representatives alleged that BNR: (i) failed to hire, train, or direct staff as to the appropriate protocol to follow during the COVID-19 pandemic; (ii) failed to follow CDC guidelines concerning hygiene, segregation, and visitation; and (iii) was negligent in other respects that might be uncovered during discovery. In May 2021, BNR removed the case to the United States District Court for the District of Delaware, asserting that the Personal Representatives' claims were preempted by the federal Public Readiness and Emergency Preparedness Act ("PREP Act"). After briefing, the District Court remanded the case to the Superior Court in January 2022.[1]

(2)　　On July 13, 2022, BNR moved to dismiss the case. BNR argued that the PREP Act immunized the conduct giving rise to the complaint. After briefing and oral argument, the Superior Court issued an opinion denying BNR's motion to dismiss on January 23, 2023 ("Opinion").[2] The court held that: (i) infectious disease protocols were not "covered countermeasures" entitling BNR to immunity under the PREP Act; (ii) Health and Human Services advisory opinions did not expand the

---

[1] *Hansen v. Brandywine Nursing & Rehab. Ctr., Inc.*, 2022 WL 608968 (D. Del. Jan. 19, 2022).
[2] *Hansen v. Brandywine Nursing & Rehab. Ctr., Inc.*, 2023 WL 587950 (Del. Super. Ct. Jan 23, 2023).

meaning of the PREP Act; and (iii) the PREP Act did not create a new defense to standard negligence claims.[3]

(3)    On February 2, 2023, BNR filed an application for certification of an interlocutory appeal.  The Personal Representatives opposed the application.  On February 24, 2023, the Superior Court denied the application for certification.[4]

(4)    In denying certification, the court questioned whether the Opinion decided a substantial issue for purposes of Supreme Court Rule 42, but proceeded to consider the Rule 42(b)(iii) criteria that BNR relied upon.[5]  The court acknowledged that the Opinion was the first Delaware decision to address PREP Act immunity, but emphasized that its reasoning relied on longstanding principles of statutory construction and application of the plain meaning of the relevant language in the PREP Act.[6]  The court also noted that the central holding of the Opinion—PREP Act immunity does not apply to standard infectious disease protocols—was consistent with the great weight of authority in other jurisdictions.[7]  The court concluded that the delays and disruptions associated with interlocutory review of an issue that was

---

[3] *Id.* at *5-8.
[4] *Hansen v. Brandywine Nursing & Rehab. Ctr., Inc.*, 2023 WL 2199610 (Del. Super. Ct. Feb. 24, 2023).
[5] BNR relied upon Rule 42(b)(iii)(A) (the interlocutory order involves a question of law resolved for the first time in Delaware), (B) (trial court decisions are conflicting on the question of law), (G) (review of the interlocutory order may terminate the litigation), and (H) (review of the interlocutory order may serve considerations of justice).
[6] *Id.* at *3.
[7] *Id.*

decided consistently with other jurisdictions would not serve considerations of justice.[8] Finally, the court found that the likely benefits of interlocutory review did not weigh the probable costs such that interlocutory review was in the interests of justice.[9]

(5) Applications for interlocutory review are addressed to the sound discretion of the Court.[10] In determining whether to accept an interlocutory appeal, this Court may consider all relevant factors, including the trial court's decision about whether to certify an interlocutory appeal.[11] We agree with the Superior Court that the Rule 42(B)(iii) criteria do not weigh in favor of interlocutory review and that the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[8] *Id.*
[9] *Id.*
[10] Supr. Ct. R. 42(d)(v).
[11] *Id.*

4